IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEATHER SHAE HILL,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL CASE NO: 1:18-cv-167**
　　　　　　　　　　　　　　　　　　　　**(Judge Kleeh)**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 27],**
**DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT [DKT. NO. 28],**
**OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 29], AND**
<u>**DISMISSING THE CASE WITHTOUT PREJUDICE**</u>

Pending with the Court is the Report and Recommendation ("R&R") issued by Magistrate Judge Michael J. Aloi on June 20, 2019 [Dkt. No. 27] that recommends dismissal of this matter. Plaintiff, Heather Shae Hill ("Hill" or "Plaintiff"), proceeding *pro se*, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability benefits under the Social Security Act [Dkt. No. 1].

Along with her August 24, 2018, Complaint [Dkt. No. 1], Plaintiff filed an application to proceed in forma pauperis [Dkt. No. 2], which was granted by the magistrate judge on September 6,

2018 [Dkt. No. 4]. Plaintiff was provided written Notice of the General Guidelines for Appearing *Pro Se* in Federal Court [Dkt. No. 3], and a summons was issued to the Commissioner of the Social Security Administration ("Defendant" or "Commissioner") [Dkt. No. 5]. A Certified Mailing forwarded by the Court to Plaintiff at the address on her Complaint was returned to the Clerk's Office as "undeliverable/unclaimed/unable to forward" on September 24, 2018 [Dkt. No. 6].

The Commissioner filed a timely Answer to Plaintiff's Complaint on November 8, 2018, together with a copy of the Social Security Administrative Record [Dkt. Nos. 10, 11]. On December 14, 2018, the magistrate judge entered an order directing the filing of briefs pursuant to Local Rule of Civil Procedure 9.02 [Dkt. No. 14]. Plaintiff was to file her brief within thirty (30) days of the Court's December 14, 2018, order [Id.]. The order also detailed the items that *pro se* Plaintiff was to address in her brief, including a statement of the exact issues for review, a statement of the case with its disposition at the administrative level, a proposed stipulation of facts including a chronological narrative of Plaintiff's relevant medical history with citations to the administrative record, an argument as to each issue for review, and a conclusion [Id.]. The Order was delivered to Plaintiff on December 18, 2018 [Dkt. No. 15].

On January 9, 2019, *pro se* Plaintiff filed the first of four motions requesting an extension of the brief deadline [Dkt. No. 16]. The Court granted the first motion for extension of time, scheduling the brief deadline for February 11, 2019 [Dkt. No. 17]. Plaintiff received the order on January 16, 2019 [Dkt. No. 18]. A second motion for extension of time was filed by Plaintiff on February 5, 2019 [Dkt. No. 19], which was granted by order on February 7, 2019 [Dkt. No. 20]. *Pro se* Plaintiff was given until April 10, 2019, to file her brief [Id.]. That order was received by Plaintiff as evidenced by her next motion for extension of time which was submitted to the Clerk's Office by facsimile on April 8, 2019 [Dkt. No. 21]. The Court granted *pro se* Plaintiff a third extension and directed that her brief be filed by June 10, 2019 [Dkt. No. 22]. The order extending the deadline for her brief was delivered to *pro se* Plaintiff's address on April 13, 2019, based on the return receipt docketed by the Court on April 15, 2019 [Dkt. No. 23].

On June 10, 2019, rather than file her brief, Plaintiff filed a fourth motion for extension of time [Dkt. No. 24]. This motion was denied by Order entered on June 11, 2019 [Dkt. No. 25], and delivered to *pro se* Plaintiff's address on June 17, 2019 [Dkt. No. 26]. On June 20, 2019, the magistrate judge issued the R&R recommending dismissal of Plaintiff's case for failure to

prosecute [Dkt. No. 27]. The R&R instructed the parties that they had fourteen (14) days from its entry date to file specific written objections [Id.]. As with all filings, the R&R was forwarded to *pro se* Plaintiff by Certified Mail to the address on file with the Clerk's Office [Dkt. No. 27-1]. While a Certified Mail return receipt has not yet been returned to the Clerk's Office for the June 20, 2019, R&R, the United States Postal Service ("USPS") online tracking system shows that the R&R was delivered to an individual at Plaintiff's address on Saturday, June 22, 2019, at 12:26 p.m.[1] On Monday, June 24, 2019, Plaintiff hand-delivered a brief to the Clerk's Office that was docketed as a *Motion for Summary Judgment* [Dkt. No. 28]. Plaintiff included a letter attachment to the brief that apologized to the Court for not having filed her brief on June 10, 2019 [Dkt. No. 28-1].

On June 27, 2019, the *pro se* Plaintiff called the Clerk's Office to advise that she did not receive the Court's June 20, 2019, R&R [Dkt. No. 27], which was sent by Certified Mail to her address on record, but that she noticed on PACER the R&R was filed

---

[1] The R&R was forwarded to *pro se* Plaintiff by Certified Mail to the address on file with the Clerk's Office – 1895 Grafton Road, Morgantown, WV 26508 [Dkt. No. 27-1]. Although a Certified Mail return receipt has not been returned to the Clerk's Office, the USPS online tracking system shows that the R&R, Certified Mail Tracking Number 7018 1130 0000 3797 9503 [Dkt. No. 27-1], was delivered and received by an individual at Plaintiff's address on Saturday, June 22, 2019, at 12:26 p.m., before Plaintiff hand-delivered her brief or motion for summary judgment. See https://tools.usps.com/go/TrackConfirmAction!input.action.

on June 20, 2019. The Clerk's docket note reflecting the telephone call shows that the USPS confirmed delivery of the R&R to Plaintiff's address on June 22, 2019. The Clerk's Office emailed a copy of the R&R to *pro se* Plaintiff on June 27, 2019, and Plaintiff confirmed receipt.

On June 28, 2019, Plaintiff filed an *Objection* [Dkt. No. 29] to the R&R by facsimile to the Clerk's Office [Dkt. No. 29-1]. Notably, *pro se* Plaintiff's objection states that she did not receive the R&R from the Court until it was emailed to her by the Clerk's Office on June 27, 2019[2] [Dkt. No. 29]. Plaintiff objects to the R&R on the basis of excusable neglect as a result of her medical conditions, acute and chronic, that were beyond her control, and on her conclusory belief that Defendant suffered no prejudice as a result of the missed briefing deadline and that the judicial proceedings have not been negatively impacted [Dkt. No. 29].

Plaintiff's objection notes that the order denying her fourth motion to extend the briefing deadline, filed on June 10, 2019, was not entered by the Court until June 11, 2019 [Id.]. However, she fails to mention the previous three (3) orders by which the

---

[2] There is no dispute that Plaintiff received the order denying her fourth motion for an extension of time by Certified Mail at the same address on June 17, 2019 [Dkt. No. 26]. There is also no dispute that the R&R was accepted for delivery by Certified Mail to Plaintiff on June 22, 2019, at 12:26 p.m., according to the USPS online tracking system.

Court extended the original filing deadline from January 14, 2019 [Dkt. No. 14] to February 11, 2019 [Dkt. No. 17], and then to April 10, 2019 [Dkt. No. 20]. Finally, the Court granted Plaintiff's third motion for extension of time [Dkt. No. 22], and directed that her brief be filed on June 10, 2019 [Dkt. No. 22]. This date is approximately seven (7) months after the Commissioner Answered the Complaint, assembled and filed the extensive administrative record, and served *pro se* Plaintiff with a copy of the administrative record [Dkt. Nos. 10, 11, 12]. Plaintiff failed to timely file her brief, and failed to comply with the Court's December 14, 2018, order [Dkt. No. 14], when her fourth motion for an extension of time was filed on the briefing deadline rather than before. *Pro se* Plaintiff erroneously assumed that she would receive another extension.

The Court's order directing the filing of briefs states that a party may seek an extension of time for any pleading or memorandum, but that the motion for extension must be filed before the date upon which the pleading or memorandum is due [Dkt. No. 14]. The docket shows that Plaintiff made her filings in a variety of ways, including by hand-delivery to the Clerk's Office, United States Mail, and facsimile from number 304-291-8001 [Dkt. Nos. 16, 21, 24, 28, 29]. Additionally, the Notice of General Guidelines for *Pro Se* Parties [Dkt. No. 3], states that a *pro se* litigant

6

must keep the Court and opposing counsel, if any, advised of his or her most current address "at all times," and that failure to do so may result in the action being dismissed without prejudice. Plaintiff states that she did not receive the magistrate judge's R&R until it was emailed to her on June 27, 2019. However, the USPS tracking system confirms that the R&R was delivered to Plaintiff's address on June 22, 2019. On June 24, 2019, Plaintiff filed a brief by hand-delivery to the Clerk's Office, at which time the case docket was available for review. During a June 27, 2019, telephone call with the Clerk's Office, Plaintiff explained that she accessed the PACER electronic database and noticed that the R&R had been filed in her case.[3] Although Plaintiff advised the Clerk's Office that she had not receive the R&R by mail, *pro se* Plaintiff did not notify the Court that her address was incorrect or had changed.

Both under Rule 41(b) of the Federal Rules of Civil Procedure, and the inherent power of the Court, a case may be dismissed with prejudice for want of prosecution. Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-32, 82 S.Ct. 1386, 1388-89 (1962)(noting that federal courts have inherent power to dismiss action for failure to prosecute either *sua sponte* or on party's

---

[3] The PACER docket entry for the R&R states: "REPORT AND RECOMMENDATION RECOMMENDING DISMISS FOR FAILURE TO PROSECUTE," and reflects that it was sent to Plaintiff by Certified Mail on June 20, 2019 [Dkt. No. 27].

motion). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629, 82 S.Ct. at 1388. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(per curiam); see Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)(upholding dismissal of *pro se* plaintiff's claims and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

While *pro se* litigants are not held to the same high standards as attorneys, *pro se* litigants must meet certain standards, including "time requirements and respect for court orders without which effective judicial administration would be impossible." Hughes v. Rowe, 449 U.S. 5, 10 n. 7 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Ballard, 882 F.2d at 96. Where a plaintiff fails to prosecute her Social Security appeal, dismissal is a necessary and appropriate remedy for the efficient administration

8

of justice. See Link, 370 U.S. at 631 (1962)(holding that district court did not abuse its discretion in dismissing a case with prejudice for failure to prosecute in order to "achieve the orderly and expeditious disposition of cases"); Robinson v. Wix Filtration Corp., LLC, 559 F.3d 403, 409-11 (4th Cir. 2010)(recognizing continued validity of Link, court found that the district court did not abuse its discretion in denying a Rule 59(e) motion based on party's failure to respond to dispositive motion).

The factors outlined in Chandler Leasing weigh in favor of dismissal of Plaintiff's case. Plaintiff is *pro se* and is responsible for her conduct in this matter. She was on notice that a failure to prosecute or to follow the Court's orders can lead to dismissal of her action as a sanction. Plaintiff did not file her brief as directed on June 10, 2019, and instead filed a fourth motion for an extension of time on that date [Dkt. No. 24]. The Court made clear in its original briefing order that a motion for extension of time must be filed before the date upon which the pleading or memorandum is due [Dkt. No. 14]. Moreover, Plaintiff claims not to have received the R&R with the magistrate judge's recommendation of dismissal until June 27, 2019, when the Clerk's Office emailed her a copy after she called and requested the same following her review of the electronic case docket on PACER. However, there is no dispute that the R&R was delivered to

9

Plaintiff's address on June 22, 2019.[4]  Plaintiff's contention that she did not receive the R&R is inconsistent with the USPS proof of delivery to her address, and Plaintiff alone bears the responsibility of providing the Court with a reliable means of communicating with her.  This factor weighs in favor of dismissal.

Second, Plaintiff's failure to prosecute her case has rendered Defendant unable to address the merits of Plaintiff's Complaint without unreasonable delay.  Defendant has been required to answer the Complaint, as well as compile and file the Administrative Record.  Defendant has also been required to devote resources to monitoring the docket and case filings.  This factor also weighs in favor of dismissal because Defendant cannot adequately defend a case where Plaintiff has repeatedly failed to meet the Court's deadlines for briefing and identification of specific issues.

Factor three as outlined in Chandler Leasing also favors dismissal because *pro se* Plaintiff has had ample time to prepare and file her brief, pursuant to the Court's original briefing order entered on December 14, 2018 [Dkt. No. 14].  In fact, Plaintiff

---

[4] Plaintiff is to apprise the Court of her correct address, and the failure to keep the Court informed of a new address constitutes a failure to prosecute. See, e.g., Blakney v. Commissioner of Social Sec., No. 1:12cv169-LG-JMR, 2013 WL 6796552, *2 (S.D.Miss. Dec. 20, 2013); Borne v. Reed, No. 1:12cv154-RJC, 2013 WL 1798968, *1 (W.D.N.C. Apr. 29, 2013); O'Neal v. Cooke Motorcars, Ltd., No. Civ. L-96-1816, 1997 WL 907900, *1-2 (D.Md. Apr. 1, 1997), affirmed 149 F.3d 1169 (4th Cir. 1998)(unpublished).

was provided three separate extensions of time to review the Administrative Record, which was served on her by Defendant on November 8, 2019 [Dkt. No. 12], and prepare a brief. She failed to follow procedure and file a brief as directed on June 10, 2019, and has established a history during this case of proceeding "in a dilatory fashion". This factor supports dismissal.

Finally, the Court finds that given *pro se* Plaintiff's lack of compliance over a significant period of time, any lesser sanctions would likely be ineffective. The Fourth Circuit Court of Appeals has held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. See <u>Ballard</u>, 882 F.2d at 95-96. Plaintiff was given written Notice of the Guidelines for Appearing *Pro* Se in Federal Court [Dkt. No. 3], and was warned that any motion for extension must be filed before the date upon which the pleading or memorandum is due [Dkt. No. 14]. The pattern of delay in this case convinces the Court that directing further action would be fruitless and only result in additional delay should the case proceed.[5] This would also further prejudice Defendant with a lack of closure to this matter.

---

[5] The Court notes that the Administrative Law Judge ("ALJ") concluded that, based on the testimony of the vocational expert and the evidence presented, and considering Plaintiff's age, education, work experience, and residual functional capacity assessment, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national

In her *Objection* [Dkt. No. 29], Plaintiff relies on Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1) to argue that the delay in filing her brief should be deemed "excusable neglect". Rule 6(b)(1)(B) applies to computing and extending time to file motions and papers, and Rule 60(b)(1) governs relief after final judgment. The Court has been lenient with *pro se* Plaintiff and granted three (3) separate extensions by which to file her substantive brief supporting the Complaint allegations – the deadline has moved from January 14, 2019, to February 11, 2019, then to April 10, 2019, and finally to June 10, 2019. Because it was not filed before the June 10, 2019, deadline, Plaintiff's fourth motion for an extension of time was properly denied [Dkt. No. 25]. The Court has not been asked to review the order denying the motion for extension, and does not agree that *pro se* Plaintiff's non-compliance with the June 10, 2019, deadline is excusable based on its review of the record as a whole. Because the magistrate judge's R&R is a recommendation of dismissal and

---

economy [Dkt. No. 11-4]. Accordingly, the ALJ found that Plaintiff is "not disabled," and that Plaintiff can perform certain sedentary work, can perform simple, routine and repetitive tasks, requiring only simple decisions, with no fast-paced production requirements with few workplace changes, and can have occasional interaction with the public, co-workers and supervisors [Id.]. The ALJ identified the following representative occupations in the national economy for which Plaintiff can perform the requirements: Systems Monitor; Charge Account Clerk; and Document Preparer [Id.]. There is no basis to further analyze this determination given the procedural posture of this case.

not a final judgment, Rule 60(b)(1) does not govern the Court's consideration of whether to adopt the recommendation.

Under the circumstances, dismissal without prejudice is an appropriate sanction for *pro se* Plaintiff's failure to prosecute, and her disregard for the Court's orders and schedule. Plaintiff is solely responsible for her conduct in this case, and Defendant has been prejudiced by having devoted resources to this litigation to secure an expeditious resolution. There also exists a documented history of delay in this case, and the Court is not certain that Plaintiff has adequately kept it informed of her address given her claim that she has not received documents accepted for delivery by Certified Mail to her address on file.[6] The Court also has not identified an appropriate lesser sanction that would secure Plaintiff's compliance with the Court's Local Rules and orders. Because the factors set forth in Chandler Leasing weigh in favor of dismissal, and this case has been pending since August 24, 2018, the Court finds that the magistrate judge's recommendation of dismissal for failure to prosecute is justified.

---

[6] The address reported by Plaintiff to the Court on August 24, 2018, as both her mailing address and current address is 1895 Grafton Road, Morgantown, WV 26508 [Dkt. No. 1]. The Social Security Administrative Record submitted by the Defendant in this case reflects that Plaintiff received notices at a different address as recently as June 25, 2018, when she was mailed the Notice of Appeals Council Action Denying her Request to Review the Decision of the ALJ [Dkt. No. 11-2 at 2-23]. The June 25, 2018, Notice of Appeals Council Action was addressed to Plaintiff at 279 Apple Meadow Lane, Morgantown, WV 26508 [Id.]. The ALJ's August 31, 2017, Notice of Unfavorable Decision was also addressed to Plaintiff at this same address [Dkt. No. 11-4 at 2].

For these reasons, the Court:

1) **ADOPTS** the magistrate judge's Report and Recommendation [Dkt. No. 27] in its entirety;

2) **DISMISSES** this civil action under Federal Rule of Civil Procedure 41(b) **WITHOUT PREJUDICE;**

3) **DENIES AS MOOT** Plaintiff's brief or Motion for Summary Judgment [Dkt. No. 28];

4) **OVERRULES** Plaintiff's Objection to the Report and Recommendations [Dkt. No. 29]; and

5) **DIRECTS** the Clerk to enter a separate judgment order in favor of Defendant Commissioner and to **STRIKE** this matter from the Court's docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the *pro* se Plaintiff, via Certified Mail, return receipt requested, at her last known address as reflected on the docket.

DATED: July 11, 2019.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE